**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONALD MCGRAW, | : | Civil No. 11-2088 (WJM) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| GREG BARTOWSKI, et al., | : | |
| Respondents. | : | |

**MARTINI**, District Judge:

    1. On March 31, 2011, Ronald McGraw filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Passaic County, on May 10, 2004. (Petition, ECF No. 1.) The Petition raised eight grounds.

    2. On July 26, 2011, this Court asked McGraw whether he wanted this Court to consider the § 2254 Petition "as is" or to add additional claims to the § 2254 Petition. (Order, ECF No. 2.)

    3. In response, McGraw filed a motion to stay the § 2254 Petition while he exhausted three additional claims set forth at ECF No. 3 at page 6. (Motion to Stay, ECF No. 3.)

    4. By Order entered September 22, 2011, this Court stayed the § 2254 Petition, as amended by the three additional claims, while McGraw exhausted those claims before the New Jersey courts, and administratively terminated the case pending exhaustion. (Order, ECF No. 4.)

    5. On November 4, 2013, the Clerk received from Ronald McGraw a letter asking this Court to vacate the stay and to reopen the case. (Letter, ECF No. 5.) McGraw states in the letter that, in accordance with this Court's Order, on October 11, 2011, he filed a state court action (presumably a second post-conviction relief proceeding raising the three unexhausted grounds), and on September 30, 2013, the "action was denied and was received to me by mail from the Superior Court in Paterson[,] Judge Miguel A. de la Carrera[,] on October 5, 2013."[1] (ECF No. 5 at 1.) He further states that he is writing to notify this

---

1 According to the website for the New Jersey courts, Miguel A. de la Carrera is a judge of the Superior Court

Court "within the 30 days after state court exhaustion is completed," and he asks this Court to reopen the § 2254 case. (Order, ECF No. 4.) McGraw did not attach documents filed in his state court proceeding to his request to reopen this case.

6. Significantly, McGraw does not state in his letter request to reopen whether or not Judge de la Carrera granted or denied relief and, if Judge de la Carrera denied post-conviction relief, whether or not McGraw appealed the order denying post-conviction relief to the Appellate Division of the Superior Court of New Jersey and sought review by the New Jersey Supreme Court.

7. The exhaustion doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to fairly present **each federal ground** raised in the petition to all three levels of the New Jersey courts, that is, the Law Division of the Superior Court of New Jersey, the Appellate Division of that court, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).

8. McGraw has not shown that he exhausted the three grounds listed at ECF No. 3 at p. 6 by fairly presenting those grounds to all three levels of the New Jersey Courts. Accordingly, this Court will direct McGraw to inform this Court in writing of his efforts to present his unexhausted claims to all three levels of the New Jersey courts, that is, the Law Division of the Superior Court of New Jersey, the Appellate Division of that court, and the New Jersey Supreme Court.[2]

9. An appropriate Order accompanies this Memorandum Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: 11/12/13

---

of New Jersey, Criminal Division, Passaic County. *See* http://www.judiciary.state.nj.us/passaic/Judge_phone_listing.pdf (accessed Nov. 7, 2013).

2 If McGraw did not present his unexhausted grounds to the Appellate Division and to the New Jersey Supreme Court, then he may elect to do so now.